**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

WAYNE JONES, et al.,

                Plaintiffs,

v.                                CIVIL ACTION NO. 6:09-cv-00994

CAPITAL ONE BANK (USA), N.A.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the parties' Joint Motion for Remand [Docket 6]. Despite the parties' agreement, for the reasons stated below, the court **FINDS** that removal was proper and **DENIES** the motion.

**I.**     **Background**

The plaintiffs, Wayne and Mary Ann Jones, filed this action in the Circuit Court of Wirt County, West Virginia, on August 3, 2009, against Capital One Bank (USA), N.A ("COBUSANA"). They allege violations of the West Virginia Consumer Credit Protection Act (the "WVCCPA"), negligence, and intentional infliction of emotional distress. According to the Complaint, representatives of the defendant placed harassing phone calls to the plaintiffs on several occasions, even though the plaintiffs did not own a Capital One account. Specifically, the plaintiffs allege that the defendant exhibited "unreasonably oppressive and/or abusive conduct in violation of [the WVCCPA] by placing calls without the disclosure of caller's identity, and with the intent to annoy,

harass or threaten the person at the called number . . . ." (Compl. ¶ 15.) They also allege that the defendant was negligent in not verifying the proper address and telephone number for the recipients of their calls, and that the defendant's conduct "exceeds all bounds usually tolerated by a decent society." (*Id*. at ¶ 24.) They seek injunctive relief and statutory, compensatory, punitive, and any other appropriate damages, plus fees, but they stipulate in the *ad damnum* clause that "total damages including attorney fees and interest does not exceed $75,000." (*Id*. at p. 6-7.)

The defendant filed a timely Notice of Removal [Docket 1] on September 8, 2009, arguing that despite the plaintiffs' stipulation in the Complaint, the amount in controversy exceeds $75,000. The defendant provided ample support for this proposition, noting that the WVCCPA provides for statutory damages for each violation, and that the plaintiffs allege at least 15 violations in the form of unlawful phone calls. Taking inflation into consideration, the defendant calculated that the statutory penalties alone could amount to over $60,000. In addition, the plaintiffs seek compensatory and punitive damages, and the defendant asserted that "any amount of additional damages that Plaintiffs potentially can recover would be added to the statutory penalties and would most likely cause the amount in controversy . . . to exceed the statutory minimum . . . ." (Def.'s Notice of Removal ¶ 21.) Thereafter, the parties apparently reached an agreement and filed the pending Joint Motion for Remand on October 1, 2009 [Docket 6].

**II.     Discussion**

Removal in this case is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . ." Because the plaintiffs are residents of West Virginia and COBUSANA is a corporate citizen

of Virginia, diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a)(1). Using a preponderance of the evidence standard, the court also must determine whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. 1332(a); *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999).

Although the parties have agreed to remand this case to state court, I "cannot remand a case simply because the parties have come to an understanding after removal." *Blake v. Ace Am. Ins. Co.*, 2008 U.S. Dist. LEXIS 19215, *8 (S.D. W. Va. Mar. 11, 2008). Rather, in determining the proper amount in controversy, I am guided by controlling statutes and case law. I first observe that my review is limited to "the record existing at the time the petition for removal was filed." *Sayre*, 32 F. Supp. 2d at 886; *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 936 (S.D. W. Va. 1996); *see also Blake*, 2008 U.S. Dist. LEXIS 19215 at *7-8 ("'Congress did not intend to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute'" (quoting *Kolibash v. Comm. on Legal Ethics of W. Va.*, 872 F.2d 571, 573 (4th Cir. 1989)). In addition, I am not limited to examining the parties' presentation of the evidence or the allegations in the Complaint. I must look "to the entire record" and make an "independent evaluation" as to the amount in controversy. *Sayre*, 32 F. Supp. 2d at 886 (quoting *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994)). In doing so, I may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.

3

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997); *Sayre*, 32 F. Supp. 2d at 886.

The complaint is the "starting point for ascertaining the amount in controversy." *Sayre*, 32 F. Supp. 2d at 887. However, the *ad damnum* clause in the plaintiffs' Complaint, which attempts to limit their recovery, is not dispositive. In *McCoy*, Judge Haden reasoned that, to prevent "unseemly forum gaming," plaintiffs who wish to avoid removal should file "a formal, truly binding, pre-removal stipulation. . . . The stipulation should be filed contemporaneously with the complaint, which should also contain the sum-certain prayer for relief." 147 F. Supp. 2d at 485-86. Here, the plaintiffs simply state that "the total damages including attorney fees an interest does not exceed $75,000.00." (Compl. p. 7.) No separate stipulation exists; therefore, I am not bound by the plaintiffs' *ad damnum* clause. *See McCoy*, 147 F. Supp. 2d at 485 (observing that a court is not "bound ineluctably to grant remand simply because a plaintiff 'limits' himself to a demand for recovery below the jurisdictional minimum"); *Hamilton, Burgess, Young & Pollard v. Markel Am. Ins. Co.*, 2006 U.S. Dist. LEXIS 5278, *4 (S.D. W. Va. Jan. 25, 2006) ("[I]n West Virginia, plaintiffs' recovery is theoretically unlimited because the ad damnum clause may be amended after final judgment to conform it to the evidence.").

After reviewing the Complaint, the defendant's Notice of Removal, and the statutes under which the plaintiffs have filed suit, I find that the amount in controversy in this case exceeds $75,000 beyond a preponderance of the evidence. First, the plaintiffs allege that COBUSANA placed at least 15 phone calls in violation of the WVCCPA. (*See* Compl. ¶¶ 9, 11-12 (referencing "calls" in April 2009, listing specific dates for 10 calls occurring from May to July 2009, and mentioning 3 additional calls that occurred in July 2009).) They also ask for relief in the form of, inter alia, "any civil penalties in the amount to be determined by statue [sic] and jury." (*Id*. at p. 6.) The applicable

statute provides the following:

> If a creditor has violated the provisions of [the WVCCPA] applying to . . . illegal, fraudulent or unconscionable conduct, [or] any prohibited debt practice . . . the consumer has a cause of action to recover actual damages and in addition a right in an action to recover from the person violating [the WVCCPA] a penalty in an amount determined by the court *not less than one hundred dollars nor more than one thousand dollars*.

W. Va. Code § 46A-5-101(1) (emphasis added). Based on the potential statutory penalties, adjusted for inflation, the plaintiff's damages could reach well over $60,000. *See Dunlap v. Green Tree Servicing*, 2005 U.S. Dist. LEXIS 32482, *13 (S.D. W. Va. Nov. 28, 2005) ("[E]ach violation of § 46A-5-101 creates a single cause for recovery of a single penalty (citing *Sturm v. Providian Nat'l Bank*, 242 B.R. 599, 603 (S.D. W. Va. 1999).).

Second, attorney fees are included in calculating the amount in controversy because the West Virginia statute expressly provides for them. *See Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Maxwell v. Wells Fargo Bank, N.A.*, 2009 U.S. Dist. LEXIS 94476 (S.D. W. Va. Oct. 9, 2009). The WVCCPA provides that

> In any claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice, the court may award all or a portion of the costs of litigation, including reasonable attorney fees, court costs and fees, to the consumer.

W. Va. Code § 46A-5-104. In this case, the amount of attorney fees likely to be awarded, in addition to the statutory penalties, would reach an amount well over the jurisdictional limit of $75,000. This does not even take into account the plaintiffs' other claims for relief, including injunctive relief and compensatory and punitive damages.

### III.    Conclusion

Based on the Complaint, the Notice of Removal, and the other evidence of record at the time

5

of removal, the court **FINDS** by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. Accordingly, the court **DENIES** the parties' Joint Motion for Remand.

The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: October 15, 2009

_____
Joseph R. Goodwin, Chief Judge